OPINION OF THE COURT
George M. Heymann, J.
*778 Petitioner commenced this holdover proceeding on the ground that the respondent’s tenancy in her Mitchell-Lama cooperative was not approved by the Division of Housing and Community Renewal (DHCR).
Petitioner moves this court for an order, inter alia, “granting summary judgment on the grounds that the certificate of eviction[1] issued by the [Division] of Housing and Community Renewal against all Respondents is res judicata in this proceeding and Respondents are collaterally estopped from raising certain affirmative defenses.”
Respondent cross-moves for an order dismissing the petition and notice of petition and granting summary judgment in favor of the respondent; or, in the alternative, if dismissal is denied, denying the petitioner’s motion for summary judgment and setting the matter down for trial. In her cross motion, respondent avers that:
“6 — The only thing that the DHCR issued was a Certificate of No Objection. The third paragraph of the decision merely states that, T have no objection to the commencement of an action or proceeding for the eviction of the respondents.’
“7 — Furthermore, the fourth paragraph of the decision provides, ‘Respondents may not be evicted except by order of a court of competent jurisdiction.’
“8 — Therefore, it is necessary for the Petitioner to now establish its purported case, if it can, in this Landlord-Tenant Court. A tenant could not and should not be automatically evicted simply based upon a Certificate of No Objection. If this were the situation, there would be no necessity to bring this proceeding with a Notice of Termination, Holdover Petition, and a date to appear before the Court.”
Question Presented
Whether a “Certificate of No Objection” issued by the DHCR has the same force and effect as a “Certificate of Eviction” issued by the Department of Housing Preservation and Development (HPD).
*779 Factual Background
Trump Village is a cooperative housing corporation formed pursuant to article II of the New York State Private Housing Finance Law, commonly known as the Mitchell-Lama Law. As a cooperative dedicated to providing moderate income housing it is regulated by the DHCR. Trump Village owns and operates the subject premises located at 464 Neptune Avenue, apartment 15-E, Brooklyn, New York.
The petitioner alleges that the respondent obtained her apartment in violation of DHCR’s regulations which require the petitioner to maintain a waiting list for its apartments and that the respondent was not on the waiting list, had never completed the appropriate application, nor been assigned a waiting list number prior to being granted the right to occupy the subject premises.
Petitioner filed a petition with DHCR requesting the Commissioner to issue a certificate of no objection authorizing the commencement of eviction proceedings against the respondent. On December 19, 2002, a hearing was conducted at DHCR at which time all the parties appeared with counsel. On May 14, 2004, the hearing officer for DHCR issued his “Findings And Recommendations After Hearing” wherein he concluded that “[a]s the testimony and evidence at the hearing establishes that the respondent obtained occupancy of the apartment in a manner not in conformity with the Regulations, this constitutes a violation of a substantial obligation of the tenancy and a Certificate of No Objection may be issued on this ground.” (Petitioner’s exhibit C If 17.) He then recommended that the Commissioner grant the petition and issue the requested certificate of no objection.
On the same date, May 14, 2004, the Assistant Commissioner of DHCR, Richmond McCurnin, issued a certificate of no objection which reads as follows:
“A petition was brought by Trump Village, Section 3, Inc., pursuant to 9 NYCRR Section 1727-5.3, requesting that the Commissioner of DHCR issue a Certificate of No Objection authorizing the commencement of eviction proceedings against respondent Viktoriya Dashevsky from the premises at 464 Neptune Avenue, Apt. 15-E, Brooklyn, New York 11224.
“A hearing was held on December 19, 2002, before John Stellar, Esq., a duly designated hearing officer, who issued the attached Findings and Recommenda *780 tions After Hearing, which I hereby approve.
“Accordingly, I certify that I have no objection to the commencement of an action or proceeding for the eviction of the respondents.
“Respondents may not be evicted except by order of a court of competent jurisdiction.
“Review of this Certificate may only be sought through a proceeding under Article 78 of the CPLR brought in Supreme Court within four months of the date below.” (Emphasis added.)
Subsequently, the respondent commenced a CPLR article 78 proceeding to challenge the findings of the DHCR hearing officer and to vacate the certificate of no objection. On February 16, 2005, Justice Gloria M. Dabiri, Supreme Court, Kings County, rendered a decision denying the respondent’s motion and granting DHCR’s cross motion dismissing the petition in its entirety. In an 11 page decision, the court concluded:
“The record before DHCR, as discussed above, clearly establishes that petitioner [respondent in the instant proceeding] was not on the waiting list and that her tenancy was not approved by DHCR. Accordingly, petitioner is not eligible for occupancy of the subject apartment unit as a matter of law. From this it follows that the Certificate of No Objection was properly issued, since Trump 3 is obligated. to abide by and enforce its rules and regulations.”[2]
Conclusions of Law
The requirements by which the DHCR approves all applicants prior to being assigned an apartment in Mitchell-Lama cooperatives are set forth in 9 NYCRR 1727-1.1 et seq. (“Tenant Selection Procedure”).
According to the findings of the DHCR hearing officer the respondent herein did not comply with said requirements and therefore was not entitled to occupy the subject premises, notwithstanding respondent’s contentions to the contrary at the hearing, that she met all her obligations without exception. As a result, pursuant to 9 NYCRR 1727-5.3 (a) (“Termination by housing company”), in order for the petitioner to initiate an *781 eviction proceeding “the commissioner, upon receipt of a verified petition, shall first certify that he has no objection to the commencement of such a proceeding.”
With respect to the specific issue in the case at bar, 9 NYCRR 1727-5.3 (b) (“Additional circumstances requiring the issuance of a certificate”) reads as follows:
“The commissioner requires that a housing company shall commence eviction proceedings only after the commissioner, after receipt of a verified petition, shall first certify that he or she has no objection to the commencement of eviction proceedings against any individual who:
“(1) in any manner not in conformity with the provisions of the Private Housing Finance Law or regulations duly promulgated pursuant thereto, or with any other applicable statute or regulation, obtained occupancy of or continues in occupancy in a housing accommodation subject to regulation under this Part.” (Emphasis added.)
Pursuant to said statute, the Commissioner issued the certificate of no objection as set forth above. As noted therein, the only method by which the respondent could challenge that determination is by the commencement of a CPLR article 78 proceeding in Supreme Court.
Subsequent to the issuance of the certificate of no objection, the respondent did, in fact, bring a CPLR article 78 proceeding which resulted in an affirmation by the Supreme Court of the hearing officer’s determination and the Commissioner’s acceptance thereof and the issuance of the certificate of no objection.
Based upon the Supreme Court’s decision, the petitioner commenced the instant holdover proceeding. Petitioner asserts that there are no triable issues to be resolved by this court as the respondent was given a full hearing at DHCR and had a second opportunity to relitigate the matter in Supreme Court which also ruled against her.
Upon a review of the applicable statutes cited herein, the court finds that said statutes pertaining to the issuance of a certificate of no objection by DHCR is parallel to those regarding the issuance of a certificate of eviction by HPD. (See, 28 RCNY 3-18.)
In 950 Evergreen Garden v Campbell (NYLJ, July 11, 2001, at 22, col 5), this court granted the petitioner summary judgment *782 based upon the certificate of eviction issued by an HPD administrative hearing officer on the ground that the underlying findings could not be collaterally attacked. In that case, the court stated (at 22, col 6) that:
“Pursuant to the New York City Rules and Regulations pertaining to the HPD city aided limited profit housing companies, ‘no eviction proceeding based upon a holdover or a breach of the terms of the lease or occupancy agreement . . . shall be initiated by a housing company against a residential tenant/ cooperator without the issuance of a certificate of eviction by HPD following an administrative hearing by an HPD designated hearing officer. The hearing officer’s decision shall be final without recourse to an administrative appeal.’ 28 RCNY § 3-18 (a).”
28 RCNY 3-18 (c) provides that “[t]here is no administrative appeal from the determination of the hearing officer. The decision of the hearing officer is subject only to review by commencing an action pursuant to Article 78 of the Civil Practice Law and Rules.”
In Dayton Towers Corp. v Spielman (NYLJ, May 25, 1993, at 25, col 1 [App Term, 2d & 11th Jud Dists]), the Appellate Term reversed that portion of the trial court’s order that denied the landlord’s application for summary judgment inasmuch as HPD’s determination of the succession issue in a certificate of eviction could not be collaterally attacked in the holdover proceeding.
Although HPD denominates its certificate as one of “Eviction” as opposed to DHCR’s certificate as one of “No Objection,” the end result is the same. While the terminology of the former appears to mandate the commencement of an eviction proceeding in housing court, in contrast to the latter which, as respondent asserts, appears to leave it in the discretion of the landlord, 9 NYCRR 1727-5.3 (b) states that “a housing company shall commence eviction proceedings” after the commissioner issues the certificate of no objection. (Emphasis added.) Moreover, once the proceeding is commenced there is no distinction between the two. As all the underlying issues that form the basis of the holdover proceeding have already been litigated in an administrative hearing, the housing court, statutorily, becomes merely the mechanism by which a judgment and warrant can be obtained in order to proceed with an eviction. At that juncture, the court is functioning ministerially without discretion, as the *783 only method of review of the commissioner’s certificate of either “Eviction” or “No Objection” is by a CPLR article 78 proceeding in Supreme Court.
A fortiori, in the case at bar, the Supreme Court having determined that the respondent is not entitled to remain in the subject apartment, as a matter of law, after a hearing on the DHCR administrator’s findings and recommendations, this court is constrained to deny the respondent’s cross motion seeking a trial in this proceeding.
Accordingly, the respondent’s cross motion is denied in its entirety as the court finds no merit to the remaining requests for relief, and the petitioner’s motion for summary judgment and for a final monetary judgment is granted.
The petitioner is awarded a final judgment of possession; warrant to issue forthwith; execution stayed through July 15, 2005. The petitioner is further awarded a final monetary judgment in the amount of $1,542.82.

. Throughout the moving papers, the attorney’s affirmation and respondent’s affidavit, reference is made to a “certificate of eviction.” In this case, as will be discussed more fully in the text of this decision, DHCR issued a “Certificate of No Objection” to the commencement of this proceeding.

. For the purposes of this opinion, a complete recitation of the petitioner’s allegations and the respondent’s defenses thereto is unnecessary as those matters were twice litigated at the administrative hearing and the CPLR article 78 proceeding in the Supreme Court.